IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LENIENNE ROBINSON**<br>200 Cornwall Avenue<br>Trenton, NJ 08615<br><br>and<br><br>**RAI SIEN ROBINSON**<br>200 Cornwall Avenue<br>Trenton, NJ 08615<br>         **Plaintiff**<br><br>v.<br><br>**AIRBNB, INC.**<br>888 Brannan Street, 4th Floor<br>San Francisco, CA 94103<br><br>and<br><br>**AIRBNB PAYMENTS, INC.**<br>888 Brannan Street, 4th Floor<br>San Francisco, CA 94103<br><br>and<br><br>**ALBERTO FERNANDO**<br>Residencial Camino Verde<br>Building 13, Apartment 4B<br>Santo Domingo Este, DR<br>         **Defendants** | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | **CIVIL ACTION**<br><br>**NO.:**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### PARTIES

1. Plaintiff Lenienne Robinson is an adult individual and citizen at the State of New Jersey residing at 200 Cornwall Avenue, Trenton, New Jersey 08615. At all times material hereto Plaintiff Lenienne Robinson is the mother of Plaintiff Rai Sien Robinson.

2. Plaintiff Rai Sien Robinson is an adult individual and citizen of the State of New Jersey residing at 200 Cornwall Avenue, Trenton, New Jersey 08615. At all times material hereto Plaintiff Rai Sien Robinson is the daughter of Plaintiff Lenienne Robinson.

3. Defendant Airbnb, Inc. is a corporation or other legal entity organized and existing under the laws of the State of Delaware with its principal place of business located at 888 Brannan Street, 4th floor, San Francisco, California.

4. Upon information and belief, Defendant Airbnb, Inc. regularly and continuously conducts business in the State of New Jersey by providing an internet platform for the advertising, selection, review and booking of accommodations, bringing renters/purchasers and hosts together for the rental of accommodations.

5. Defendant Airbnb, Inc. expressly and impliedly represents the safety of the rental accommodations by approving them, publishing them and/or permitting them to be posted on their website.

6. Defendant Airbnb Payments, Inc. is a corporation or other legal entity organized and existing under the laws of the State of Delaware with its principal place of business located at 888 Brannan Street, 4th floor, San Francisco, California.

7. Upon information and belief, Defendant Airbnb Payments, Inc. regularly and continuously conducts business in the State of New Jersey by providing an internet platform for the advertising, selection, review and booking of accommodations, bringing renters/purchasers and hosts together for the rental of accommodations.

8. Defendant Airbnb Payments, Inc. expressly and impliedly represents the safety of the rental accommodations by approving them, publishing them and/or permitting them to be posted on their website.

9. Defendant Alberto Fernando, upon information and belief, is a competent adult individual and citizen of the Dominican Republic who owns and/or operates the premises located at Residencial Camino Verde, Building 13, Apartment 4B, Santo Domingo Este, Dominican Republic.

10. Upon information and belief, Defendant Fernando regularly and continuously conducts business in the State of New Jersey by availing himself of the Airbnb platform and by posting and/or advertising his accommodations to potential renters in the State of New Jersey.

11. Defendant Fernando expressly and impliedly represents the safety of the rental accommodations on the Airbnb platform.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists

between the parties. Defendants' principal places of business and/or residence are not in New Jersey where Plaintiffs reside.

13. Additionally, Defendants are subject to jurisdiction in the District of New Jersey because Defendants conduct substantial regular business and earn substantial revenue from the business conducted within the District.

14. Venue for this action is proper in this Court under 28 U.S.C. §1391 as the events or omissions giving rise to Plaintiffs' claims occurred within the territorial limits of the United States District Court for the District of New Jersey.

15. Defendants maintain sufficient minimum contacts with the State of New Jersey by regularly and continuously conducting business inside this forum and availing themselves of business opportunities herein.

16. As a result, personal jurisdiction over each Defendant is proper pursuant to the Due Process Clause of the United States Constitution and controlling Supreme Court opinions in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

## FACTUAL ALLEGATIONS

17. At all times pertinent hereto, Defendant Airbnb, Inc. owned and/or operated and/or maintained and/or controlled the property located at Residencial Camino Verde, Building 13, Apartment 4B, Santo Domingo Este, Dominican Republic along with the contents therein, including the gas stove.

18. At all times pertinent hereto, Defendant Airbnb Payments, Inc. owned and/or operated and/or maintained and/or controlled the property located at Residencial Camino Verde, Building 13, Apartment 4B, Santo Domingo Este, Dominican Republic along with the contents therein, including the gas stove.

19. At all times pertinent hereto, Defendant Alberto Fernando owned and/or operated and/or maintained and/or controlled the property located at Residencial Camino Verde, Building 13, Apartment 4B, Santo Domingo Este, Dominican Republic along with the contents therein, including the gas stove.

20. At all times pertinent hereto, it was the duty of Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando to maintain the aforementioned premises.

21. It is believed and therefore averred that Defendant Airbnb, Inc., and/or Defendant Airbnb Payments, Inc. contracts with Defendant Fernando and receives financial benefit from all

bookings of accommodations hosted by Defendant Fernando, including the booking made by Plaintiffs.

22. At all times pertinent hereto, it was the duty of Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando to make the subject premises safe for ordinary and foreseeable use and to make sure no dangerous and hazardous conditions existed.

23. At all times pertinent hereto, it was the duty of Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando to ensure that the subject premises was in a safe condition for tenants and/or temporary lodgers and was not dangerous.

24. On or about February 21, 2020 Plaintiffs booked, via Defendants' website Airbnb.com, through the internet from New Jersey, an Airbnb apartment rental at Residencial Camino Verde, Building 13, Apartment 4B, Santo Domingo Este in the Dominican Republic.

25. Plaintiffs used Defendants' website to make this reservation and relied upon the representations made on the website regarding the accommodations when booking the rental through the internet from New Jersey.

26. The Airbnb Apartment was owned and/or hosted by Defendant Alberto Fernando.

27. The rental began on February 23, 2020 until March 9, 2020 and was prepaid by Plaintiffs in the amount of $568.31 to Defendant Airbnb, Inc. and/or Defendant Airbnb Payments, Inc.

28. The contract for the rental was between Plaintiff Rai Sien Robinson and Defendant Airbnb, Inc, and/or Defendant Airbnb Payments, Inc.

29. Defendant Airbnb, Inc. derived financial benefit from Plaintiff's booking.

30. Defendant Airbnb Payments, Inc. derived financial benefit from Plaintiff's booking.

31. Defendant Fernando derived financial benefit from Plaintiff's booking.

32. Defendant Fernando was a third-party beneficiary of the contract.

33. Defendants advertised the presence and use of a fully operational kitchen, including a stove, to prospective tenants and/or temporary lodgers.

34. Plaintiffs occupied the subject premises from February 23, 2020 through the date of accident, February 27, 2020 as described below.

35. Prior to the date of accident, Defendant Fernando instructed the Plaintiffs on the use of the gas stove.

36. Prior to the date of the accident, Defendant Fernando made a repair to the gas stove and gave instructions on the use of the stove.

37. On February 27, 2020 Plaintiff Lenienne Robinson sustained serious second and third degree burns over her body when, suddenly and without warning, the gas stove in the apartment exploded due to its defective and dangerous condition.

38. Plaintiff Rai Sien Robinson witnessed the explosion and resulting burns and injuries to her mother Plaintiff Lenienne Robinson.

39. Upon information and belief Defendants had actual and/or constructive notice of the defective condition of the gas stove located at the subject premises as Defendant Fernando made repairs of the stove after Plaintiffs' arrival.

40. The explosion and resulting burns were not due to any negligence or misuse of the stove on the part of either Plaintiff.

41. The explosion and resulting burn injuries were caused solely by the negligence of the Defendants as set forth below.

### COUNT I - NEGLIGENCE

### Plaintiff Lenienne Robinson v. Defendant Airbnb, Inc.

42. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 30 above as though the same were set forth more fully at length.

43. At all times material hereto, co-Defendant Fernando was the agent, ostensible agent, servant and/or employee of Defendant Airbnb, Inc.

44. Defendant Airbnb, Inc., individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, had a duty to inspect, maintain, repair and warn of any defects in the premises in general and the gas stove in particular.

45. Defendant Airbnb, Inc., individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, breached the duties of maintenance, repair, and warning.

46. The negligent conduct of Defendant Airbnb, Inc., either individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, consisted of the following:

    a. Failing to inspect the premises in general and the gas stove in particular as to its proper functioning;

    b. Representing that the premises in general and the gas stove in particular was fit for its intended use when Defendants knew or should have known that it was not;

    c. Failing to maintain the premises in general and the gas stove in particular;

    d. Failing to repair the premises in general and the gas stove in particular;

    e. Failing to remove or remediate the dangerous condition;

    f. Failing to warn Plaintiffs of the existence of a dangerous condition on the subject premises;

    g. Failing to warn Plaintiffs of the defect in the gas stove;

    h. Failing to properly prevent a dangerous and hazardous condition on the property when Defendant knew or should have known of the condition;

    i. Failing to provide a safe premises in general and a safe gas stove in particular;

    j. Failing to provide proper functioning fire extinguishing equipment;

    k. Negligently repairing the gas stove;

    l. Negligently instructing Plaintiffs on the use of the stove;

    m. Negligently maintaining the stove;

    n. Failing to hire a qualified repair person to inspect, maintain and fix the stove;

    o. Failing to have proper policies, procedures and safety measures and standards addressing dangerous conditions within the premises;

    p. Failing to exercise reasonable care for the rights and safety of the invited public within its premises and in particular the rights and safety of Plaintiffs;

    q. Failing to comply with local laws and ordinances concerning the gas stove; and

    r. Failing to ensure that co-Defendant Fernando complied with the terms of his contract/business relationship with Defendant for the safety of Plaintiffs and other invitees and tenants.

47. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff was caused to sustain serious injuries which are permanent in nature including, but not limited to second and third degree burns to her face, back, shoulder, arms, legs, ankles and feet, third degree burns to the ankles requiring skin grafting surgery, ankle weakness, ankle dysfunction, ambulation dysfunction, sleep disturbance and nightmares, and post-traumatic anxiety reaction and other injuries as yet undetermined.

48. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, from physical and mental anguish, embarrassment, humiliation, pain, suffering and inconvenience.

49. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, shock and injury to the nerves and nervous system and has suffered, and may continue to suffer in the future, emotional distress.

50. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been deprived, and may continue to be deprived in the future, of the ordinary pleasures of life.

51. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been compelled in the past, and may continue to be compelled in the future, to expend monies for medical care and treatment, medicines and the like.

52. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may in the future suffer, a loss of earnings and her earning power has been and/or may be diminished and lessened.

WHEREFORE, Plaintiff Lenienne Robinson demands a jury trial and judgment in her favor and against Defendant Airbnb, Inc., individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

## COUNT II - NEGLIGENCE
### Plaintiff Lenienne Robinson v. Defendant Airbnb Payments, Inc.

53. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 41 above as though the same were set forth more fully at length.

54. At all times material hereto, co-Defendant Fernando was the agent, ostensible agent, servant and/or employee of Defendant Airbnb Payments, Inc.

55. Defendant Airbnb Payments, Inc., individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, had a duty to inspect, maintain, repair and warn of any defects in the premises in general and the gas stove in particular.

56. Defendant Airbnb Payments, Inc., individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, breached the duties of maintenance, repair, and warning.

57. The negligent conduct of Defendant Airbnb Payments, Inc., either individually and/or through its agents, servants and/or employees, including co-Defendant Fernando, consisted of the following:

    a. Failing to inspect the premises in general and the gas stove in particular as to its proper functioning;

    b. Representing that the premises in general and the gas stove in particular was fit for its intended use when Defendants knew or should have known that it was not;

    c. Failing to maintain the premises in general and the gas stove in particular;

    d. Failing to repair the premises in general and the gas stove in particular;

    e.    Failing to remove or remediate the dangerous condition;

    f.    Failing to warn Plaintiffs of the existence of a dangerous condition on the subject premises;

    g.    Failing to warn Plaintiffs of the defect in the gas stove;

    h.    Failing to properly prevent a dangerous and hazardous condition on the property when Defendant knew or should have known of the condition;

    i.    Failing to provide a safe premises in general and a safe gas stove in particular;

    j.    Failing to provide proper functioning fire extinguishing equipment;

    k.    Negligently repairing the gas stove;

    l.    Negligently instructing Plaintiffs on the use of the stove;

    m.    Negligently maintaining the stove;

    n.    Failing to hire a qualified repair person to inspect, maintain and fix the stove;

    o.    Failing to have proper policies, procedures and safety measures and standards addressing dangerous conditions within the premises;

    p.    Failing to exercise reasonable care for the rights and safety of the invited public within its premises and in particular the rights and safety of Plaintiffs;

    q.    Failing to comply with local laws and ordinances concerning the gas stove; and

    r.    Failing to ensure that co-Defendant Fernando complied with the terms of his contract/business relationship with Defendant for the safety of Plaintiffs and other invitees and tenants.

58. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff was caused to sustain serious injuries which are permanent in nature including, but not limited to second and third degree burns to her face, back, shoulder, arms, legs, ankles and feet, third degree burns to the ankles requiring skin grafting surgery, ankle weakness, ankle dysfunction, ambulation dysfunction, sleep disturbance and nightmares, and post-traumatic anxiety reaction and other injuries as yet undetermined.

59. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, from physical and mental anguish, embarrassment, humiliation, pain, suffering and inconvenience.

60. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, shock and injury to the nerves and nervous system and has suffered, and may continue to suffer in the future, emotional distress.

Case 3:22-cv-00971-FLW-TJB   DOCUMENT 1   Filed 02/24/22   Page 9 of 13 PageID: 9

61. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been deprived, and may continue to be deprived in the future, of the ordinary pleasures of life.

62. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been compelled in the past, and may continue to be compelled in the future, to expend monies for medical care and treatment, medicines and the like.

63. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may in the future suffer, a loss of earnings and her earning power has been and/or may be diminished and lessened.

WHEREFORE, Plaintiff Lenienne Robinson demands a jury trial and judgment in her favor and against Defendant Airbnb Payments, Inc., individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

## COUNT III - NEGLIGENCE
### Plaintiff Lenienne Robinson v. Defendant Alberto Fernando

64. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 52 above as though the same were set forth more fully at length.

65. Defendant Fernando, individually and/or through his agents, servants and/or employees, had a duty to inspect, maintain, repair and warn of any defects in the premises in general and the gas stove in particular.

66. Defendant Fernando, individually and/or through his agents, servants and/or employees, breached the duties of maintenance, repair, and warning.

67. The negligent conduct of Defendant Fernando, either individually and/or through his agents, servants and/or employees, consisted of the following:

    a. Failing to inspect the premises in general and the gas stove in particular as to its proper functioning;

    b. Representing that the premises in general and the gas stove in particular was fit for its intended use when Defendants knew or should have known that it was not;

    c. Failing to maintain the premises in general and the gas stove in particular;

    d. Failing to repair the premises in general and the gas stove in particular;

    e. Failing to remove or remediate the dangerous condition;

    f.    Failing to warn Plaintiffs of the existence of a dangerous condition on the subject premises;

    g.    Failing to warn Plaintiffs of the defect in the gas stove;

    h.    Failing to properly prevent a dangerous and hazardous condition on the property when Defendant knew or should have known of the condition;

    i.    Failing to provide a safe premises in general and a safe gas stove in particular;

    j.    Failing to provide proper functioning fire extinguishing equipment;

    k.    Negligently repairing the gas stove;

    l.    Negligently instructing Plaintiffs on the use of the stove;

    m.    Negligently maintaining the stove;

    n.    Failing to hire a qualified repair person to inspect, maintain and fix the stove;

    o.    Failing to have proper policies, procedures and safety measures and standards addressing dangerous conditions within the premises;

    p.    Failing to exercise reasonable care for the rights and safety of the invited public within its premises and in particular the rights and safety of Plaintiffs;

    q.    Failing to comply with local laws and ordinances concerning the gas stove; and

    r.    Failing to comply with the terms of his contract/business relationship with co-Defendants for the safety of Plaintiffs and other invitees and tenants.

68. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff was caused to sustain serious injuries which are permanent in nature including, but not limited to second and third degree burns to her face, back, shoulder, arms, legs, ankles and feet, third degree burns to the ankles requiring skin grafting surgery, ankle weakness, ankle dysfunction, ambulation dysfunction, sleep disturbance and nightmares, and post-traumatic anxiety reaction and other injuries as yet undetermined.

69. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, from physical and mental anguish, embarrassment, humiliation, pain, suffering and inconvenience.

70. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may continue to suffer in the future, shock and injury to the nerves and nervous system and has suffered, and may continue to suffer in the future, emotional distress.

71. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been deprived, and may continue to be deprived in the future, of the ordinary pleasures of life.

72. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has been compelled in the past, and may continue to be compelled in the future, to expend monies for medical care and treatment, medicines and the like.

73. As a further direct and proximate result of the Defendant's carelessness and negligence, Plaintiff has suffered, and may in the future suffer, a loss of earnings and her earning power has been and/or may be diminished and lessened.

WHEREFORE, Plaintiff Lenienne Robinson demands a jury trial and judgment in her favor and against Defendant Alberto Fernando, individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

### COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff Rai Sien Robinson v.
Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando**

74. Plaintiff incorporates by reference paragraphs 1 through 62 as though the same were set forth herein in their entirety.

75. At all relevant times hereto, Plaintiff entered into a contract with Defendants to provide temporary lodgings for Plaintiffs while they were traveling in the Dominican Republic.

76. At all relevant times hereto, Defendants owed a fiduciary duty to the Plaintiffs to provide a safe, habitable property with the advertised amenities, including a fully functioning kitchen with working stove.

77. At all relevant times hereto, Defendants knew or should have known that a working kitchen was essential to the rental of the property and that Plaintiffs intended to use the kitchen for its intended purpose.

78. At all relevant times hereto, Defendants knew or should have known that a malfunctioning stove posed a risk to Plaintiffs and that an explosion, or other foreseeable incident occurring with the stove would cause severe emotional distress to the Plaintiff.

79. It is believed and therefore averred that Defendants are responsible for the injuries sustained by Plaintiff Lenienne Robinson as set forth above.

80. Plaintiff Rai Sien Robinson is the daughter of Plaintiff Lenienne Robinson.

81. Plaintiff Rai Sien Robinson witnessed the incident described above and witnessed her mother's burns and other injuries and subsequent medical care.

82. Plaintiff Rai Sien Robinson is therefore a foreseeable victim of Defendants' negligent conduct, acting either individually or through their agents, servants and employees, and the harm that resulted therefrom.

83. As a direct and proximate result of the Defendants' carelessness and negligence, Plaintiff Rai Sien Robinson has suffered severe mental distress, including but not limited to depression, nightmares, stress, anxiety, and inability to sleep which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment for which Defendants are jointly and severally liable.

WHEREFORE, Plaintiff Rai Sien Robinson demands a jury trial and judgment in her favor and against Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando, individually, jointly and severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

## COUNT V - BREACH OF CONTRACT

### Plaintiff Rai Sien Robinson v. Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando

84. Plaintiff incorporates by reference paragraphs 1 through 72 as though the same were set forth herein in their entirety.
85. On or about February 21, 2020, Plaintiff Rai Sien Robinson made contractual arrangements with Defendants for the provision of temporary lodging services while she and Plaintiff Lenienne Robinson were traveling in the Dominican Republic.
86. Plaintiff at all times relied upon the representations of Defendants that they would provide safe, habitable accommodations with all advertised amenities, including a fully functional kitchen with a stove, and paid Defendants a fee for the accommodations.
87. Defendants knew that safe, habitable accommodations with all advertised amenities, including a fully functional kitchen with stove, were essential and material terms of the contract.
88. Defendants breached the contract because the premises, specifically the gas stove, was not safe and malfunctioned, as set forth above, causing Plaintiffs to sustain serious injuries.
89. Plaintiff suffered actual and consequential damages as a result of the breach.

WHEREFORE, Plaintiff Rai Sien Robinson demands a jury trial and judgment in her favor and against Defendants Airbnb, Inc., Airbnb Payments, Inc. and Alberto Fernando, individually, jointly and

severally, for compensatory damages together with lawful interest thereon and costs of suit and brings this action to recover same.

                                        **Respectfully submitted,**

                                        **NASS CANCELLIERE**

**By:** _____

        **MICHAEL A. ROWE, ESQUIRE**
        **Attorney for Plaintiffs**

**LEVIN ADAMSKI, LLC**

**BY:** _____
**HOWARD J. LEVIN, ESQUIRE**
**BETH A. ADAMSKI, ESQUIRE**
**Attorney for Plaintiffs**
Atty. ID Nos.: 34494/205971
Two Penn Center, Suite 1400
1500 JFK Blvd.
Philadelphia, PA  19102
(215) 299-4359 (telephone)
hlevin0711@gmail.com

**Dated:** February 24, 2022